UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 06-60017 |
| VERSUS | * | JUDGE DOHERTY |
| BRIAN JAMES HAMILTON | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Brian James Hamilton. [rec. doc. 28]. The Government has filed an Answer and Memorandum in Support of it's Answer. [rec. doc. 30]. For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE**. Because the undersigned was able to reach this conclusion based on the record, transcripts and briefs filed by the parties, no evidentiary hearing is necessary.[1]

BACKGROUND

Petitioner, was named in a three count federal indictment charging petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), illegal possession of a short-barreled shotgun on October 7, 2004 in violation of 26 U.S.C. § 5861(d) and forfeiture under 18 U.S.C. § 924(d)(1). On May 18, 2006, petitioner pled guilty to the second count, illegal possession of a short-barreled shotgun, and consented to forfeit and abandon the firearms listed in the indictment. [rec. docs. 18, 19 and 20].

---

[1] No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

In connection with the plea, petitioner executed a Factual Basis to support his guilty plea in which he admitted that he was aware that he was in possession of the unregistered short barreled shotgun listed in the indictment, that the gun's barrel was in fact less than eighteen inches and that the gun was in operating condition. [rec. doc. 20-3]. Petitioner acknowledged in writing that he had been furnished a copy of the charge and that, after consulting with his counsel, he understood both the charge and the maximum penalty for that charge, namely, a term of imprisonment of not more than ten years, a fine of not more than $250,000, a term of supervised release of not more than three years, and a special assessment of $100. Petitioner further acknowledged that his understanding of his constitutional rights and that by pleading guilty he would waive those rights. Finally, he acknowledged in writing that his guilty plea was free and voluntary and made without any threats or inducements whatsoever, and that the only reason he was pleading guilty was that he is in fact guilty as charged. [rec. doc. 20-2].

The parties also entered into a written plea agreement in which petitioner again acknowledged that he is in fact guilty of the offense charged in count two of the indictment, illegal possession of a short-barreled shotgun, and his understanding of the maximum punishment for that offense. [rec. doc. 20-1].

Prior to acceptance of petitioner's plea, Judge Doherty advised petitioner that should she accept his guilty plea, petitioner would waive his Constitutional right to trial by jury, her right to testify at trial, his right to call witnesses on his behalf and to confront

and cross-examine the government's witnesses, as well as his right against self-incrimination. Petitioner indicated that he was willing to waive these rights. [plea tr. pg. 10-12].

The Judge specifically asked if petitioner had discussed the charges to which petitioner was to plead guilty with his attorney. Petitioner responded, "Yes, ma'am." [plea tr. pg. 12]. She further verified that petitioner was satisfied with the representation that he had received from his attorney, not once, but twice, to which petitioner responded on both occasions, "Yes, ma'am." [plea tr. pg. 10].

Judge Doherty clearly explained the nature of the charges against petitioner, expressly advising petitioner of each element that the government would have to prove beyond a reasonable doubt for petitioner to be found guilty. Petitioner acknowledged his understanding.  [plea tr. pg.12-13, 17-18]. Petitioner was also advised by the court of the maximum penalty for this crime. [plea tr. pg. 17-18].

To be certain that petitioner was in fact guilty of the crime charged, Judge Doherty then asked petitioner to explain why he was in trouble. Petitioner responded he was in possession of a sawed-off shotgun which was found during a search of his residence by the ATF, he further admitted that the gun was his, that the barrel was approximately 14 and 5/8 inches and that the gun was unregistered and in operating condition. [plea tr. pg.13-17]. Moreover, petitioner admitted that he had read, understood and agreed with the factual basis for his plea which was signed by him and filed into the record. [plea tr.

pg. 23-24]. Finally, to leave no question that petitioner was guilty as charged and that petitioner understood the government's evidence against him, the following transpired,

> THE COURT: Okay. In your plea packet, Mr. Mickel, *is there a written summary of the government's evidence against this defendant*?
> MR. MICKEL: Yes, Your Honor.
> THE COURT: All right. Do you intend to utilize it to provide a factual basis to support the plea?
> MR. MICKEL: If the Court please, I do.
> THE COURT: All right. Mr. Hamilton, do you agree with the summary that you looked at earlier about what you did? *And he's showing it to you now*.
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay. Do you have any questions you want to ask me, Mr. Hamilton?
> THE DEFENDANT: No, ma'am. [plea tr. pg. 27-28 (emphasis added)].

Judge Doherty also confirmed that petitioner's plea was freely and voluntarily entered. Further, in response to Judge Doherty's questioning, petitioner admitted that he had not been threatened by anyone or forced to plead guilty. [plea tr. pg. 20]. Petitioner also admitted that no one made any promise which may have induced him to plead guilty. [plea tr. pg. 25]. Before allowing petitioner to change his plea. and after advising petitioner that he could persist in his previously entered plea of not guilty, petitioner's guilty plea was accepted by the Court. [plea tr. pg. 27-28].

On July 24, 2006, a pre-sentence investigation report ("PSI") was prepared by the probation department. In that Report, fifteen criminal history points were found, establishing a criminal history category of VI. Those points included three points for a May 20, 1991 conviction for which petitioner was sentenced to three year imprisonment which was suspended while petitioner was placed on probation; his probation, however,

4

was revoked in 1996, and petitioner was therefore imprisoned until his release on parole in 1999. [PSI ¶ 25]. Those points also included twelve points for convictions on October 16, 1994 (seven years, released on parole 1999), February 12, 1995 (3 years, released on parole 1999), 2000, 2003, 2004 and 2005. [PSI ¶ 28, 29,31, 32, 34, 35]. Counsel for plaintiff filed a Memorandum of Law in Support of the Defendant's Position regarding Sentencing in which counsel argued that, since *Booker*, the sentencing guidelines are advisory and that the court should therefore consider other relevant factors when considering petitioner's sentence, those factors being petitioner's age, diminished mental capacity, history of drug abuse, traumatic childhood, and lack of guidance as a youth. Counsel further argued that although petitioner had a lengthy prior criminal history, those acts stemmed from his diminished mental capacity and lifetime history of drug dependence, for which petitioner desired treatment. [rec. doc. 21].

On September 15, 2006, petitioner appeared for sentencing. Prior to imposing sentence, the court asked. "Have defendant, defense counsel, and the government received and reviewed a copy of the presentence investigation report?" Counsel responded in the affirmative, and petitioner failed to dispute that representation. [sent tr. pg. 2]. Thereafter, petitioner was sentenced to serve seventy-eight months imprisonment, that sentence to run concurrent with a previously imposed state sentence which petitioner was already serving. Judge Doherty explained that she imposed the sentence in that manner so that after petitioner finished his state sentence, he would be able to spend sufficient time in a federal facility where he could get both drug and mental health

5

treatment. [sent. tr. 4-6].

Petitioner did not directly appeal his conviction or sentence.

In the instant motion to vacate, Hamilton sets forth two grounds for relief: (1) that his plea was not knowingly, intelligently or voluntarily entered because his attorney did not allow him to review the evidence against him prior to acceptance of his guilty plea; and (2) that he received ineffective assistance of counsel because his attorney, Jason Robideaux, did not allow him to review the evidence against him prior to acceptance of his guilty plea and failed to review the PSI for correctness or provide him a copy of same.

## LAW AND ANALYSIS

**Claims Properly Considered in this § 2255 Motion/Scope of Review**

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides four grounds justifying relief:  (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of relief is actually narrow:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).  As a result, review of convictions under

> § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under §2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

*United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998).

An error of law does not provide a basis for *habeas* relief under § 2255 unless it constitutes "a fundamental defect" causing a "complete miscarriage of justice." *Brecht v. Abrahamson*, 507 U.S. 619, 634, fn.8, *reh. denied,* 508 U.S. 968 (1993) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989). The issues presented in the instant case are either contrary to law or plainly refuted by the record. Accordingly, no evidentiary hearing is necessary. The issues will be resolved by considering the briefs filed by the parties and the court record.

**I. Knowing, Voluntary and Intelligent Nature of the Plea**

To be constitutionally valid, a guilty plea must be knowing and voluntary. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989). Accordingly, this court may not accept a guilty plea unless the defendant enters the plea voluntarily and with a complete understanding of the

7

nature of the charge and the consequences of his plea.  This standard is rooted in the due process clause of the Constitution and is applicable in both state and federal courts. *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) *citing McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970) and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

A guilty plea that was not knowingly, voluntarily, and intelligently entered is invalid.  *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).  However,  a federal court will uphold a guilty plea "if it is shown by the record ... that a defendant understood the charge and its consequences when he pled guilty."  *Deville v. Whitley,* 21 F.3d 654, 657 (5th Cir. 1994) *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*,  474 U.S. 838, 106 S.Ct. 117 (1985).  A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)  *citing  United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985).  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings."  *Id*. *quoting Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).  Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him and "the consequences" of a guilty plea, respectively. *United States v. Briggs*, 939 F.2d 222, 227 (5th Cir.1991); *United States v. Pearson,* 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991). A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) citing *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). A guilty plea is intelligent even if the trial court failed to specifically explain the offense or its elements to the defendant if the record shows that the defendant understood the charge and its consequences. *United States v. Reyna,* 130 F.3d 104, 110 (5th Cir.1997), *cert. denied*, 523 U.S. 1033, 118 S.Ct. 1328, 140 L.Ed.2d 489 (1998); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.1986); *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987). However, the defendant must understand what he is being charged with. *United States v. Suarez*, 155 F.3d 521, 524-25 (5th Cir.1998). With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) *citing Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982), cert. denied, 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982); *Ables v.*

*Scott*, 73 F.3d 591, 592-93 n. 2 (5th Cir.1996), *cert. denied*, 517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996) *citing United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990).

In the instant matter, the record is clear that petitioner's plea was entered knowingly, voluntarily and intelligently. Petitioner was advised of the nature of the charge against him and acknowledged that he understood that charge. Indeed, the plea transcript clearly reflects that petitioner understood both the nature and substance of the charge against him as he explained his understanding of the charge and his reason for being found guilty of that charge unambiguously to Judge Doherty in response the Judge's direct questions.

Petitioner was also advised of the mandatory minimum and maximum prison terms and fines for the offense charged in writing and by thorough and direct questions posed by Judge Doherty. Petitioner unambiguously acknowledged that he understood the maximum penalties for his offense.

Finally, petitioner's present allegations, that his plea was in some way involuntary because his attorney did not allow him to review the evidence against him, are contrary to petitioner's sworn statements in open court during his plea colloquy and documents signed by petitioner in connection with his plea, and are further directly refuted by the record before this court. Petitioner admitted in writing and in open court that his plea was freely and voluntarily entered, that he had not been threatened by anyone or forced to

10

plead guilty and that he had been promised nothing to induce him to plead guilty. He also admitted, while under oath, that he had discussed the charges against him with his attorney and stated, not once, but twice, that he was satisfied with his counsel's representation. Moreover, prior to acceptance of his plea, petitioner repeatedly admitted in writing and in open court that he was, in fact, guilty as charged, explaining to the court that the gun was found by the ATF during a search of his residence, that the gun was his, that the length of the gun's barrel rendered the gun a "sawed-off shotgun" under the cited statute and that the gun was unregistered and in operating condition.

     Finally, and most tellingly, the record reveals that while in open court, prior to acceptance of petitioner's plea, the government handed petitioner a summary of the government's evidence against him, and gave petitioner an opportunity to ask any questions that he may have about that evidence; petitioner declined the court's invitation. [plea tr. pg. 27-28]. Thus, even if petitioner's attorney had not given petitioner a chance to review the government's evidence against him, which is plainly refuted by the record before this court, the record nevertheless reveals that petitioner was aware of the evidence against him given his clear explanation of that evidence to the court, and further reveals that petitioner had the opportunity to review the government's evidence prior to entry or acceptance of petitioner's guilty plea as the Assistant United States Attorney handed this information to petitioner in open court. In light of these repeated admissions and the government's presentation of the evidence it had against petitioner in open court, both

orally and physically, it is clear that petitioner's plea was voluntary, notwithstanding petitioner's present unsworn and unsubstantiated allegations.

The record is clear and unambiguous. Petitioner's sworn testimony during the plea hearing and the documents signed by petitioner in connection with his guilty plea belie any argument that petitioner's plea was involuntarily, unknowingly or unintelligently entered. In light of the above, petitioner is not entitled to *habeas* relief on this claim.

## II. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90. See also *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985). Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir.1986). Moreover, a

*habeas* court must be careful not to second guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. *Sawyer v. Butler*, 848 F. 2d 582, 587-88 (5th Cir. 1988).

*Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[2] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) citing *Strickland,* 104 S.Ct. at 2068. A petitioner must affirmatively prove prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998). Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element." *Sayre*, 238 F.3d at 635. Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). With respect to

---

[2]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

> When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

sentencing errors, "any amount of actual jail time" which the defendant receives as a result of alleged attorney error constitutes prejudice for purposes of the *Strickland* test. *United States v. Conley,* 349 F.3d 837, 842 (5th Cir. 2003) *citing and quoting Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) and *United States v. Franks,* 230 F.3d 811, 815 (5th Cir.2000).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green,* 160 F.3d at 1043.

Petitioner contends that he was denied the effective assistance of counsel because counsel failed to allow him to review the government's evidence against him prior to acceptance of his guilty plea, failed to review the PSI for correctness (presumably because of the alleged improper inclusion of criminal history points for petitioner's past criminal convictions imposed over ten years ago), and failed to provide him a copy of the PSI.

14

**Review of the Government's Evidence**

In this case, petitioner pled guilty to count two of the indictment entered against him. Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 930 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677,682 (5th Cir. 1994); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5 Cir.1981). Therefore, to the extent that petitioner complains that his court-appointed trial counsel did not allow him to review the evidence against him prior to acceptance of his guilty plea, he can only prevail by showing counsel's deficient representation rendered his plea was involuntary. As discussed above, this he has not done. Therefore, petitioner's ineffective assistance of counsel claim is equally without merit.

**Inclusion of Criminal History Points**

United States Sentencing Guideline § 4A1.2(e)(1) provides that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period." Section 4A1.2(e)(2) provides that "[a]ny other prior sentence that was

imposed within ten years of the defendant's commencement of the instant offense is counted."

In the instant case, petitioner's oldest included convictions, petitioner's May 20,1991, October 16, 1994 and February 12, 1995 convictions, were for terms exceeding one year and one month.  Moreover, since petitioner was not released from imprisonment on those offenses until 1999, these convictions resulted in petitioner's being incarcerated within fifteen years of commencement of the instant October 7, 2004 offense.  Hence, they were properly included under § 4A1.2(e)(1).  The remainder of petitioner's included offenses, petitioner's 2000, 2003, 2004 and 2005 offenses, were imposed within ten years of the commencement of the instant offense.  Hence, they were properly included under § 4A1.2(e)(2).

Given that all fifteen of petitioner's criminal history points were properly included in determining petitioner's criminal history category, the undersigned cannot find that defense counsel's failure to object to inclusion of these points in the PSI was objectively unreasonable.  Counsel need not make a futile objection or motion. See *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) *citing Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness ...."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) citing *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").   Thus, relief is not warranted with respect to this claim.

**Disclosure of the PSI Report**

Petitioner complains that the PSI was not disclosed by counsel prior to sentencing. However, that claim is refuted by the record. At the sentencing hearing, Judge Doherty verified that both defense counsel and petitioner had received and had an opportunity to review the PSI to which counsel responded that they had. [sent. tr. pg. 2]. Moreover, even if petitioner never received or reveiwed the PSI Report, given that the complained of criminal history points were properly included in determining petitioner's Criminal History Category, and given that petitioner's counsel filed a detailed Memorandum supported by applicable law urging the imposition of a lesser sentence than that called by the Guidelines, petitioner has failed to demonstrate any prejudice as a result of allegedly not being provided with a copy of the PSI Report. He has not, and indeed cannot, demonstrate any prejudice as a result of the alleged inaction of his counsel. Petitioner's claim is therefore without merit.

Based on the foregoing reasons, the undersigned recommends that Brian James Hamilton's § 2255 Motion be **DENIED and DISMISSED WITH PREJUDICE.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds**

**of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed this 17th day of September, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE